This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**No. A-1-CA-41550**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**RUBEN TAFOYA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jennifer Wernersbach, District Court Judge**

Raúl Torrez, Attorney General
Felicity Strachan, Assistant Solicitor General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Brian Parrish, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ATTREP, Chief Judge.**

**{1}** This matter was submitted to this Court on the brief in chief pursuant to the Administrative Order for Appeals in Criminal Cases from the Second, Eleventh, and Twelfth Judicial District Courts in *In re Pilot Project for Criminal Appeals*, No. 2022-002, effective November 1, 2022. Following consideration of the brief in chief, this Court assigned this matter to Track 2 for additional briefing. Now having considered the brief in chief, answer brief, and reply brief, we affirm for the following reasons.

**{2}**     Defendant appeals his conviction for second degree murder, contrary to NMSA 1978, Section 30-2-1(B) (1994). First, Defendant argues that there was insufficient evidence presented by the State to prove beyond a reasonable doubt that he was driving the vehicle in question when it hit and drove over Victim, killing Victim. [BIC 8-12] Second, Defendant contends that the district court erred when it denied his request for a jury instruction for vehicular homicide as a lesser-included offense. [BIC 12-21] We address each issue in turn.

**{3}**     When assessing the sufficiency of the evidence, "we view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Samora*, 2016-NMSC-031, ¶ 34, 387 P.3d 230 (internal quotation marks and citation omitted). We disregard all evidence and inferences that support a different result. *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829. "We then determine whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Garcia*, 2016-NMSC-034, ¶ 15, 384 P.3d 1076 (internal quotation marks and citation omitted). "Substantial evidence is relevant evidence that a reasonable mind might accept as adequate to support a conclusion." *State v. Largo*, 2012-NMSC-015, ¶ 30, 278 P.3d 532 (internal quotation marks and citation omitted).

**{4}**     We look to the jury instructions to determine what the jury was required to find to convict Defendant beyond a reasonable doubt. *See State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). To convict Defendant of second degree murder under Section 30-2-1(B), the State was required to prove beyond a reasonable doubt that (1) Defendant killed Victim; (2) Defendant knew that his acts created a strong probability of death or great bodily harm to Victim; (3) Defendant did not act as a result of sufficient provocation; and (4) this happened in New Mexico on or about the 19th day of November, 2021. [RP 163] Defendant's argument on appeal focuses on the sufficiency of the evidence to support the first element, specifically that Defendant was driving the vehicle, a green Toyota Camry, when it hit and drove over Victim in the parking lot of the Bow and Arrow Lodge. [BIC 8-12]

**{5}**     According to Defendant's brief in chief and the record, the following evidence was presented at trial. On the morning of November 19, 2021, Defendant drove the Camry first to a methadone clinic, then to a laundromat, and then to a convenience store, while his brother, Danny Tafoya, sat in the passenger seat. [BIC 2; 6-15-23 CD 9:58:45-9:59:10, 10:00:36-10:00:56, 10:02:32-10:02:40, 10:41:20-10:42:32] In the parking lot of the convenience store, Defendant approached Victim and gave him $20 to purchase illegal drugs; but instead of giving the drugs to Defendant, Victim directed the driver of his own vehicle to drive away. [BIC 2-3] The brothers pursued Victim in the Camry to Dallas Street. [BIC 3; 6-15-23 CD 10:44:10-10:45:02, 10:46:05-10:46:24] After briefly stopping on Utah Street, the Camry continued to follow Victim, by then on foot, to the nearby parking lot of the Bow and Arrow Lodge, where the vehicle drove directly

towards Victim, knocked him to the ground, moved forward thereafter, and stopped on top of Victim's body. [BIC 3-4] While several eyewitnesses observed the Camry run over Victim in the Bow and Arrow Lodge parking lot, [BIC 4 n.2; 6-12-23 CD 11:12:22-11:20:55, 12:06:41-12:08:00, 14:54:57-14:56:23] none of them identified Defendant as the driver at that time and there was no surveillance video of the incident. [BIC 4-5] However, Padma Patel, the owner of the Bow and Arrow Lodge, testified as follows. [BIC 5; 6-12-23 CD 15:45:27-15:46:25] At the time of the incident, Ms. Patel was inside the office of the Bow and Arrow Lodge; [6-12-23 CD 15:46:51-15:48:54] upon hearing a loud crash, she immediately went outside and saw Victim under the Camry and someone in the driver's seat of the Camry trying to reverse the vehicle. [6-12-23 CD 15:47:22-45, 15:48:54-15:49:13, 16:18:17-16:19:42] At trial, Ms. Patel identified Defendant as the individual in the driver's seat of the Camry. [6-12-23 CD 16:05:13-16:06:18] Other eyewitnesses observed a man matching Defendant's description getting in and out of the Camry shortly after Victim was struck, [6-12-23 CD 12:13:39-12:14:04; 6-15-23 CD 10:01:30-10:02:17, 10:03:31-57] while no eyewitnesses saw Danny Tafoya in or around the Camry after Victim was struck. [BIC 4-5; 6-12-23 CD 11:35:55-11:36:34, 12:16:20-42, 15:51:52-59] Defendant later admitted to law enforcement that he was in the Camry, but asserted that an individual named "Mike" had been driving; at trial, Defendant testified that Danny Tafoya had been driving at the time Victim was struck. [BIC 3-6]

**{6}**     Viewing all the evidence in the light most favorable to the State, resolving all conflicts and making all permissible inferences in favor of the jury's verdict, we conclude that there was sufficient evidence to support the verdict beyond a reasonable doubt that Defendant was the driver of the Camry at the time it struck and came to rest upon Victim, and with that vehicle committed second degree murder. To the extent Defendant requests this Court to consider the circumstantial nature of the evidence presented, his own accounting of the events of that morning, and the conflicting testimony of eyewitnesses with regard to the number of occupants of the Camry, we suggest that our case law mandates otherwise. *See State v. Flores*, 2010-NMSC-002, ¶ 19, 147 N.M. 542, 226 P.3d 641 ("[C]ircumstantial evidence alone can amount to substantial evidence."), *overruled on other grounds by State v. Martinez*, 2021-NMSC-002, ¶ 19, 478 P.3d 880; *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829 (explaining that appellate courts disregard all evidence and inferences that support a different result); *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.3d 393 ("When a defendant argues that the evidence and inferences present two equally reasonable hypotheses, one consistent with guilt and another consistent with innocence, our answer is that by its verdict, the jury has necessarily found the hypothesis of guilt more reasonable than the hypothesis of innocence.").

**{7}**     We turn to Defendant's second contention that the district court erred when it denied his request for a jury instruction for vehicular homicide as a lesser-included offense. [BIC 12-21] We review de novo the district court's refusal to instruct the jury on a lesser-included offense that was requested by a defendant. *See State v. Munoz*, 2004-NMCA-103, ¶ 10, 136 N.M. 235, 96 P.3d 796. In doing so, "we view the evidence in the light most favorable to the giving of the requested instructions." *State v. Young*,

2021-NMCA-049, ¶ 13, 495 P.3d 1189 (internal quotation marks and citation omitted). However, to obtain an instruction on a lesser-included offense, "there must be some view of the evidence pursuant to which the lesser offense is the highest degree of crime committed, and that view must be reasonable." *State v. Brown*, 1998-NMSC-037, ¶ 12, 126 N.M. 338, 969 P.3d 313 (alteration, internal quotation marks, and citation omitted). "In reviewing on appeal whether a reasonable jury could find that the lesser-included offense is the highest offense committed, we will not fragment the testimony to such a degree as to distort it in order to construct a view of the evidence which would support the giving of the instruction." *State v. Sotelo*, 2013-NMCA-028, ¶ 10, 296 P.3d 1232 (alterations, internal quotation marks, and citation omitted).

**{8}** With respect to the requested jury instruction, we fail to see how the evidence could reasonably be viewed in a manner such that vehicular homicide was the highest degree of crime committed. Defendant testified that Danny Tafoya accidentally hit Victim while driving the Camry. [6-15-23 CD 10:14:28-10:15:33] Defendant argues that this testimony supported giving a vehicular homicide instruction because the jury might credit enough of the State's case to conclude that Defendant was the driver of the Camry, but credit enough of Defendant's testimony to believe that Victim was hit accidentally. [BIC 16, 21] Although "Defendant's argument may have some appeal as a theoretical matter, . . . as a practical matter the jury could reach such a determination only through unrealistic mental gymnastics, picking and choosing portions of testimony from witnesses who totally contradicted one another." *See State v. Andrade*, 1998-NMCA-031, ¶ 9, 124 N.M. 690, 954 P.2d 755. Defendant's testimony was unequivocal that Danny Tafoya was driving the Camry when it hit Victim, [6-15-23 CD 10:14:28-10:15:33, 10:56:48-10:57:15] which was squarely at odds with the State's theory of the case, supported by eyewitness testimony, that Defendant was the driver. [6-15-23 CD 13:10:26-36; 6-12-23 CD 15:46:51-15:49:13, 16:05:13-16:06:18]

**{9}** Because there is no other evidence that Defendant drove "with willful disregard of the safety of others and at a speed or in a manner that endangered or was likely to endanger any person," *see* UJI 14-240C NMRA; UJI 14-241 NMRA, as is required for vehicular homicide to be the highest degree of crime committed, we conclude that the district court did not err by denying Defendant's request for a vehicular homicide instruction. *See Andrade*, 1998-NMCA-031, ¶¶ 2-11 (affirming a district court's rejection of the defendant's tendered jury instruction because the only evidentiary basis for the instruction would require the jury to engage in "unrealistic mental gymnastics, picking and choosing portions of testimony from witnesses who totally contradicted one another"); *State v. Wilson*, 1993-NMCA-074, ¶¶ 15-18, 117 N.M. 11, 868 P.2d 656 (holding that a tendered lesser-included offense instruction was properly rejected where the defendant argued that a composite version of select portions of victim's and defendant's contradictory testimony provided an evidentiary basis for the instruction); *see also State v. Galindo*, 2024-NMSC-004, ¶ 27, 547 P.3d 112 (providing that appellate courts may affirm a district court's decision "on grounds not relied upon by the district court if those grounds do not require us to look beyond the factual allegations that were raised and considered below" (internal quotation marks and citation omitted)).

**{10}** For these reasons, we affirm Defendant's conviction.

**{11}  IT IS SO ORDERED.**

**JENNIFER L. ATTREP, Chief Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**SHAMMARA H. HENDERSON, Judge**